MYRON HUTCHINSON, APPELLANT, v. FREDERICK
A PERLEY, RESPONDENT.

[1] EJECTMENT ON PRIOR POSSESSION.—Possession is always *prima facie* evidence
of title, and proof of prior possession is enough to maintain ejectment against
a mere naked trespasser.

PLEADING SUFFICIENCY OF COMPLAINT IN EJECTMENT.—The allegation of posses-
sion, at the time of the ouster complained of, is a sufficient allegation of title to
sustain the declaration.

APPEAL from the Fifth Judicial District.

The plaintiff brought this action against the defendant to
recover possession of a tract of land, situated on the north
side of the Calaveras River, in the County of San Joaquin,
containing 318 acres, more or less; alleging that, whereas
the complainant was, on the 1st day of October, 1851, and
for a long time previous thereto, in the possession of the
said tract of land (describing it) and had, at the date afore-
said, commenced improvements on the said premises, and
did improve the same to the value of several hundred dol-
lars during the possession thereof, and being so in posses-
sion, and claiming the right to such possession of said tract
of land, the defendant Perley, on the 9th day of August,
1852, entered into the said premises and ejected the
complainant therefrom, to the damage of the said plaintiff
in the sum of $1,500, and praying for the recovery of the
possession of the said tract of land, and the damages
aforesaid, for the withholding thereof, and costs of suit, etc.

The defendant demurred to the complaint, and, for cause
of demurrer, alleged that the complaint did not state
[34] facts suffi*cient to constitute a cause of action —

First, because the complaint did not set up any title
or claim any right of property in the land; second, because
no averment is made that the complainant has any right of

---

[1] Approved in *Winans* v. *Christy, post,* 78; *Turner* v. *Aldridge,* 1 McAll. 232;
cited in *S. V. R. R. Co.* v. *Moffatt,* 7 Cal. 579; *Nagle* v. *Macy,* 9 Cal. 427; see *Hicks*
v. *Davis, post,* 67; *Plume* v. *Sward, post,* 94; *Bequette* v. *Caulfield, post,* 278.

possession in the land; third, because it is not stated how the damages, stated in said complaint, accrued—whether for withholding the property, or for waste committed on it, or for rents or profits of the same.

The Court sustained the demurrer, and the plaintiff appealed.

*A. C. Peachy*, for Appellant.

Prior possession is a species of title, and, on the strength of it, recovery may be had against a trespasser. ( 2 Johns. R. 22; 10 Ib. 364; 2 Halst. 14; 3 Carr. & P. 14 Eng. Com. Law Rep. p. 742; 41 Ib. 23; 1 Adol. & Ellis, 28; Ib. 55; 7 Bing. 346; 20 Eng. C. L. Rep. 156.)

The plaintiff alleged, not only his possession, but a right to the possession. The object of the action of ejectment is, to ascertain who has the right of possession. (See 3 Black. Com. Ejectment.) It was not necessary to allege the particular facts from which the legal consequence of the right of possession is deduced. (Van Santvoord Plead. 206; 10 Wend. 415.)

*Terry & Perley*, for Respondents.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

Possession is always *prima facie* evidence of title, and proof of prior possession is enough to maintain ejectment against a mere naked trespasser.

The allegation that the plaintiff was in possession at the the time of the ouster complained of, is a sufficient allegation of title to make the declaration good.

The demurrer was, therefore, improperly sustained.

The judgment is reversed with costs, and the cause remanded.